**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS and WHITAKER, JJ.**

**NOTICE: Motions for reconsideration must be received no later than 4:30pm on the 10th day after the decision was issued to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**August 6, 2026**

# In the Court of Appeals of Georgia

A26A1250. PATRICK v. THE STATE.

WHITAKER, Judge.

Keith Lee Patrick appeals from the trial court's order revoking his probation, contending that the revocation was in error because there was no evidence of any voluntary action on his part and that the evidence against him was both inadmissible hearsay and amounted to an uncorroborated confession. For the reasons explained below, we affirm.

In 2022, Patrick was convicted of second-degree burglary and possession of methamphetamine and sentenced to five years on probation. In August 2025, the State petitioned to revoke his probation, alleging that he had violated a special condition of probation by failing to complete a six-month inpatient treatment program when he was

terminated from the program. At the revocation hearing, a probation officer involved in Patrick's supervision testified that Patrick had been ordered, as a special condition of his probation, to complete a six-month dual diagnosis inpatient treatment program at a particular facility. On July 17, 2025, Patrick reported to the probation office and told the officer that he had been in an altercation with another resident at the treatment center and had "walked out" of the facility. Patrick said that once he walked out, he was advised that he could not come back inside due to the facility's rules. The officer reached out to the facility to determine if it would readmit Patrick but had not yet received a response at the time of the hearing. Accordingly, the trial court deferred ruling on the petition until the treatment center responded. Approximately two weeks later, Patrick's counsel reported to the court that it would be at least six months before Patrick could be readmitted to that facility. Ultimately, the court revoked Patrick's probation for a period of 18 months. Patrick filed an application for discretionary review, which we granted, and this appeal follows.

Patrick argues that the evidence was insufficient to revoke his probation. We disagree.

2

The trial court sits as the trier of fact in a revocation proceeding, and we will not interfere with the court's decision absent an abuse of discretion. *Grimes v. State*, 364 Ga. App. 518, 519 (875 SE2d 500) (2022). "Thus, we will affirm a probation revocation judgment if the record includes some competent evidence to show that the defendant violated the terms of his probation in the specific manner charged." Id. (punctuation omitted). "Moreover, evidence produced at a revocation proceeding need only establish the violations of probation by a preponderance of the evidence, a less stringent standard than that required to sustain a criminal conviction." *Grigg v. State*, 372 Ga. App. 96, 96 (903 SE2d 787) (2024). See OCGA § 42-8-34.1(b). However, we review questions of law de novo. *Grimes*, 364 Ga. App. at 519.

Patrick first asserts that there was no evidence that he voluntarily violated the conditions of his probation. "A violation of the conditions of probation generally requires some voluntary act on the part of the probationer." *Gray v. State*, 313 Ga. App. 470, 473(2) (722 SE2d 98) (2011). Accord *Jacobs v. State*, 361 Ga. App. 8, 9(2) (862 SE2d 579) (2021). In this case, the State presented evidence at the revocation proceeding that Patrick walked out of his court-ordered inpatient treatment program. His act of leaving the treatment center is sufficient to constitute a voluntary act.

3

Compare *Burson v. State*, 161 Ga. App. 107, 109(2) (289 SE2d 254) (1982) (affirming revocation when probationer was discharged from program for refusing to cooperate and finding that the discharge was "because of his own actions"), with *Gray*, 313 Ga. App. at 473–74(2) (concluding that probationer's "own actions" did not cause his dismissal from drug treatment program when he was removed from it as a result of an arrest and the evidence was insufficient to show that he committed the offense for which he was arrested).[1] Although Patrick argues that he walked out of the treatment center solely to separate himself from an altercation, the trial court was not required to reach this conclusion based on the evidence presented. See generally *Alexander v. State*, 371 Ga. App. 532, 533 (901 SE2d 584) (2024) (explaining that a trial court is the factfinder in a probation revocation hearing and must determine the credibility of witnesses and accept or reject the evidence introduced). Moreover, to the extent that Patrick argues that he attempted to reenter the treatment facility after he walked out, the evidence at the hearing was only that he went outside, that the door shut, and that

---

[1] Patrick also relies on *Moten v. State*, 372 Ga. App. 82 (903 SE2d 777) (2024), to support his claim, but that case is inapposite. In *Moten*, a probation officer testified that the probationer refused to participate in a substance abuse treatment program, but the officer did not have personal knowledge of the probationer's failure to participate, and the State conceded that the evidence was insufficient to support the revocation order. Id. at 83, 85(1).

he was notified he could not come back inside. Because Patrick voluntarily walked out of the treatment center, this argument presents no basis for reversal.

Patrick also claims that his statement to the probation officer was hearsay and that it could not be considered by the trial court because it amounted to an uncorroborated confession. As relevant to Patrick's claim, OCGA § 24-8-823 provides: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Like other rules of evidence, this rule applies to probation revocation proceedings. See *Griffin v. State*, 302 Ga. App. 807, 808–09 (692 SE2d 7) (2010) (recognizing that the uncorroborated-confession rule applies to probation revocations). See also *Grimes*, 364 Ga. App. at 521 n.3 (citing OCGA § 24-1-2(b) for the proposition that the rules of evidence apply in probation revocation hearings). However,

> [t]here is a difference between an incriminating statement and a confession of guilt. In an incriminating statement only one or more, but not all, of the facts entering into the criminal act is admitted, while in a confession the entire criminal act is confessed; that is, every essential element necessary to establish the crime with which the defendant is charged is admitted.

*Carter v. State*, 90 Ga. App. 61, 61(2)(a) (81 SE2d 868) (1954) (punctuation omitted). Accord *Patrick v. State*, 209 Ga. 645, 646(2) (74 SE2d 848) (1953) ("A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged."). See also OCGA § 24-8-801(d)(2) (providing that admissions shall not be excluded by the hearsay rule).

Patrick did not confess that he violated the conditions of his probation. Instead, he admitted that he walked out of the treatment center and could not go back inside. Admissions are not excluded by the hearsay rule. See OCGA § 24-8-801(d)(2). Because Patrick did not confess, OCGA § 24-8-823's corroboration requirement has no application here. But even if we were to consider his statement to be a confession, it was corroborated by his physical presence at the probation office on July 17 when he was supposed to be at the inpatient treatment center.[2]

For these reasons, we conclude that there was sufficient evidence from which the trial court could find by a preponderance of the evidence that Patrick violated the

---

[2] Accordingly, we need not separately consider Patrick's claim that his underlying mental health issues render what he asserts to be his confession particularly untrustworthy.

conditions of his probation, and the court did not abuse its discretion in revoking his probation.

*Judgment affirmed. Doyle, P. J., and Davis, J., concur.*